BUCHER,
*Respondent,*

*v.*

CASCADE STEEL ROLLING MILLS, INC.,
*Appellant.*

(CV86-375; CA A47898)

779 P2d 201

John R. Faust, Jr., Portland, argued the cause for appellant. With him on the briefs was Schwabe, Williamson & Wyatt, Portland.

Richard A. Busse, Portland, argued the cause for respondent. With him on the brief was Donald B. Potter, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action for wrongful discharge, contending that Cascade Steel Rolling Mills, Inc. (defendant),[1] fired him because of his opposition to sex discrimination in the workplace. The trial court submitted four special interrogatories to the jury:

"1. Was Plaintiff discharged for opposing unlawful employment practices?

"2. Was Plaintiff discharged for opposing what he perceived in good faith to be unlawful employment practices?

"3. Was Plaintiff discharged because he was perceived by management of Defendant Cascade to be an advocate for equal employment practices at Defendant Cascade?

"4. Was Plaintiff discharged because he took action to promote a working environment at Defendant Cascade which was free of sex discrimination?"

The four interrogatories corresponded to plaintiff's allegations (a), (b), (c) and (d), respectively, in paragraph 12 of the wrongful discharge claim in his complaint.

The court instructed the jury that, if its answer to one or more of the questions was yes, it was to enter a general verdict for plaintiff on the wrongful discharge claim. The jury gave negative answers to the first two interrogatories and answered yes to the third and fourth. It therefore found that plaintiff was wrongfully discharged. Defendant appeals and assigns error to the denial of its motion for a directed verdict at the close of plaintiff's case, the denial of its motion at the close of the evidence to strike allegations (a), (b), (c) and (d) and the denial of its motion for judgment notwithstanding the verdict.

Defendant argues that there was no evidence to support the jury's affirmative answers to the third and fourth interrogatories. We disagree. Defendant's more strongly urged contention is that, as a matter of law, the conduct described in those interrogatories cannot give rise to liability for wrongful discharge. *See Patton v. J. C. Penney Co.,* 301 Or 117, 719 P2d 854 (1986). Plaintiff responds, *inter alia,* that that legal question is not preserved for our review, because defendant did not

---

[1] The other named defendants are not involved in this appeal.

except to or assign error to the verdict form or to the instruction that a liability finding must follow from an affirmative answer to any of the questions, *see* ORCP 59H, and because the trial motions referred to in defendant's assignments were based primarily on evidentiary insufficiency and did not raise the legal issue that defendant advances now. We agree with plaintiff.

Defendant contends that no exception was necessary, because it challenges the interrogatories rather than the court's instructions. Even assuming its premise, that contention is incorrect. The court instructed the jury on the special interrogatories and told it in the instructions that it must return a general verdict for plaintiff if it answered yes to any of the interrogatories.

Defendant also argues that its trial counsel did raise the legal question by stating, in her argument in support of the motion to strike, that "case law requires that there be an actual expression of opposition to unfair employment practices." Assuming the correctness of defendant's characterization of that statement as presenting the legal argument that it now seeks to make, our reading of the record reveals that counsel's statement related only to plaintiff's allegations (a) and (b). The jury's adverse findings and defendant's present argument are concerned with allegations (c) and (d). Defendant's trial presentation and its assignments here do not preserve that argument for review.

Affirmed.